# Supreme Court of Texas

No. 21-0127

In re G.S.,
*Relator*

On Petition for Writ of Mandamus

**Argued January 11, 2022**

JUSTICE BOYD delivered the opinion of the Court.

JUSTICE LEHRMANN filed a concurring opinion.

In this case involving a claim for wrongful-imprisonment compensation under the Tim Cole Act, we are presented again with the question of whether an applicant adequately established his "actual innocence." Although the applicant here essentially concedes he did not establish his actual innocence exactly as the Act requires, he earnestly contends he nevertheless proved his actual innocence and effectively satisfied the Act's requirements. But the Act specifies how an applicant must prove his actual innocence, and we are not at liberty to modify or relax those requirements. We deny mandamus relief.

# I.
# Background

In September 2010, G.S. pleaded guilty to indecency with a child and was sentenced to seven years' imprisonment. Four years later, he applied for a writ of habeas corpus, arguing that his attorney had provided ineffective assistance by advising him that he would be eligible for parole after serving a fourth of his sentence when, in fact, he would not be eligible until he served half. After the attorney acknowledged he provided incorrect advice, the trial court found that G.S. would not have accepted the plea agreement had he known the truth about his parole eligibility and recommended that the Court of Criminal Appeals grant G.S. habeas relief. In an unpublished, per curiam opinion, the Court of Criminal Appeals agreed with the recommendation, reversed G.S.'s conviction based on ineffective assistance of counsel, and remanded the case for a new trial. By the time G.S. was released from prison, he had served three years, eight months, and two days.

While the case was pending in the trial court on remand, the district attorney received written declarations from individuals who stated that G.S.'s alleged victim had admitted to them that she had fabricated the accusations. In June 2015, after receiving these declarations, the district attorney moved that the case be dismissed "pending further investigation." The next month, the alleged victim provided her own written declaration admitting she had "falsely accused" G.S. to "punish" a woman with whom he was living at the time.

In September 2015, G.S. applied for wrongful-imprisonment compensation under the Tim Cole Act. *See* TEX. CIV. PRAC. & REM. CODE

§§ 103.001–.154.[1] He included with his application a copy of the Court of Criminal Appeals' opinion granting him habeas relief based on the trial court's findings that G.S.'s attorney gave him "erroneous advice regarding parole eligibility" and that his "plea was involuntary due to the reliance on that bad advice." He also included a copy of the district attorney's motion to dismiss the charges. The motion was a preprinted form with boxes to check to indicate the reason for dismissal, including boxes for "The evidence is insufficient," and "The complaining witness has requested dismissal." The district attorney checked only the box for "other" and wrote "pending further investigation."

The Texas Comptroller of Public Accounts denied G.S.'s application for compensation, stating, "The habeas corpus order included with your application does not meet the actual innocence requirement," and, "The motion to dismiss included with your application does not contain the [statutorily] required statements from the State's prosecuting attorney, nor was there an affidavit containing the required statements included with your application." G.S. filed an application to cure in November 2015 and included a copy of the alleged victim's written declaration recanting her accusations. The Comptroller denied that application for the same reasons.

In October 2016, the district attorney recommended that all records regarding G.S.'s arrest and conviction be expunged. The trial

---

[1] The Act, formerly known as the Texas Wrongful Imprisonment Act, was renamed for Cole in 2009. *See In re Lester*, 602 S.W.3d 469, 471 n.1 (Tex. 2020) (discussing Cole's history and receipt of the State's first posthumous pardon in 2010 after DNA evidence cleared him of the crime for which he had been serving a twenty-five-year term of imprisonment at the time of his death).

court granted expunction on October 20, 2016. Over the next four years, G.S. filed four more applications for compensation, with which he included copies of the expunction recommendation and order. The Comptroller denied all four for the same reasons he denied the first two applications. In addition, the Comptroller denied the last two applications because G.S. filed them more than three years after the district attorney dismissed the underlying case. *See id.* § 103.003 (imposing three-year limitation). G.S. filed his petition for writ of mandamus in this Court on February 4, 2021.[2]

## II.
## "Actual Innocence" under the Tim Cole Act

The Tim Cole Act provides compensation to those who have been wrongfully imprisoned. The Act delegates to the Comptroller the duty to determine a claimant's eligibility. *Id.* § 103.051(b)(1). This duty is "purely ministerial." *Id.* § 103.051(b-1). When evaluating a claim for compensation under the Act, the Comptroller "shall consider only" the "verified copy of the pardon, court order, motion to dismiss, and affidavit, as applicable, justifying the application for compensation." *Id.* § 103.051(a)(2), (b-1). The documents must "clearly indicate on their face that the person is entitled to compensation." *Id.* § 103.051(b-1).

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 103.051(e) (permitting claimant who is ultimately denied compensation to "bring an action for mandamus relief"); TEX. GOV'T CODE § 22.002(c) ("Only the supreme court has the authority to issue a writ of mandamus . . . against any of the officers of the executive departments of the government of this state . . . ."); *see also* TEX. CONST. art. IV § 1 ("The Executive Department of the State shall consist of a . . . Comptroller of Public Accounts . . . .").

4

The Act provides "three distinct methods of establishing eligibility for compensation." *In re Brown*, 614 S.W.3d 712, 716 (Tex. 2020). Specifically, the application must establish that (1) the claimant "has received a full pardon on the basis of innocence for the crime for which the person was sentenced," (2) the claimant "has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced," or (3) the trial court dismissed the charge against the claimant "based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and . . . the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced." TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(A)–(C). G.S. does not claim to have received a pardon, so the first eligibility method is not at issue here. But he claims he established a right to compensation under both of the remaining eligibility methods.

## A. Habeas relief based on an actual-innocence finding

G.S. first claims he is entitled to compensation because the Court of Criminal Appeals granted him habeas relief "based on a court finding or determination" that he "is actually innocent of the crime" for which he was sentenced. *Id.* § 103.001(a)(2)(B). But neither the trial court, which recommended that G.S. receive habeas relief,[3] nor the Court of

---

[3] Under our habeas procedures, if the convicting court decides "there are controverted, previously unresolved facts material to the legality of the applicant's confinement," it makes findings and conclusions regarding the applicant's confinement and transmits those findings and its recommendation to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c)–

Criminal Appeals, which granted that relief, made any such finding or determination. The trial court found that G.S. was entitled to habeas relief because he "demonstrated that he would not have pleaded guilty and insisted on going to trial, but for trial counsel's erroneous parole eligibility advice." And the Court of Criminal Appeals granted habeas relief based on that finding, concluding that G.S.'s "plea was involuntary due to the reliance on that bad advice."

Nevertheless, G.S. argues he satisfied the Act's second eligibility method because the Court of Criminal Appeals impliedly or necessarily found that he was actually innocent under a *Schlup*-type analysis. *See Schlup v. Delo*, 513 U.S. 298 (1995). Specifically, he likens his circumstances to those we addressed in *In re Allen*, 366 S.W.3d 696 (Tex. 2012), in which we held that the Court of Criminal Appeals implicitly made a *Schlup*-type actual-innocence finding when it granted habeas relief based on ineffective assistance of counsel. But *Allen* does not help

(d). The Court of Criminal Appeals shall then "enter its judgment remanding the applicant to custody or ordering his release, as the law and facts may justify." *Id.* art. 11.07, § 5.

The Tim Cole Act does not specify whether the Comptroller may look to the trial court's findings of fact or recommendation in determining whether the applicant is entitled to compensation. The Act says the Comptroller may consider "only" the "verified copy of *the* . . . court order . . . justifying the application for compensation." TEX. CIV. PRAC. & REM. CODE § 103.051(b-1), (a)(2) (emphasis added). But the Act also requires a showing that the applicant's habeas relief was "based on *a court finding* or determination that the person is actually innocent of the crime for which the person was sentenced." *Id.* § 103.001(a)(2)(B) (emphasis added). We need not and do not decide whether the Comptroller may consider any underlying trial-court findings not expressly stated in the Court of Criminal Appeals' opinion. In this case, none of the trial-court findings addressed any issues of actual innocence.

6

G.S. here because his habeas petition was not based on a *Schlup*-type claim for relief.

As we recently explained, "'actual innocence' is a 'legal term of art [that] has acquired a technical meaning in the habeas corpus context.'" *In re Lester*, 602 S.W.3d 469, 472 (Tex. 2020) (quoting *Allen*, 366 S.W.3d at 706). This technical meaning encompasses two types of actual innocence: the *Herrera* type, which asserts that a conviction was substantively deficient because new evidence, such as DNA testing, establishes the person's actual innocence; and the *Schlup* type, which involves "procedural claims that provide a 'gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* (citing *Herrera v. Collins*, 506 U.S. 390 (1993), and quoting *Allen*, 366 S.W.3d at 704, in turn quoting *Schlup*, 513 U.S. at 315). Importantly, "a petitioner may succeed on a *Schlup* claim only if the petitioner's claims for habeas relief are procedurally barred." *Id.*

*Schlup* applies when a procedural bar prevents a claimant from obtaining habeas relief despite the existence of new evidence establishing the claimant's actual innocence. *Schlup*, 513 U.S. at 315. A defendant who establishes that his constitutional rights were violated during a criminal prosecution—for example, by showing that his counsel's assistance was unconstitutionally ineffective—can generally obtain habeas relief on that basis. *See id.* at 314. But various "procedural obstacles"—for example, a statutory limitation on the number of habeas petitions a defendant may file—can prevent the court from addressing the merits of that constitutional claim *unless* the defendant can show

7

that the procedural bar creates a "fundamental miscarriage of justice." *Id.* at 314–15 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A defendant can show such a miscarriage of justice if he brings forth evidence that he is actually innocent, thus avoiding the procedural bar and giving him the opportunity to prove the alleged constitutional deprivation. *Id.* at 315. So to prevail on a *Schlup*-type claim, the defendant must establish both his actual innocence and the constitutional error that caused his conviction despite his actual innocence. *Id.* at 316.

The defendant in *Allen* asserted a *Schlup*-type claim, arguing that new evidence established that he was actually innocent and that his counsel's ineffective assistance led to his conviction. Allen had to rely on *Schlup* because he had already filed previous habeas applications asserting ineffective assistance of counsel, resulting in a procedural bar that prohibited him from filing another. *See Allen*, 366 S.W.3d at 702 ("Over his twenty-five years in prison, Allen filed several writs of habeas corpus challenging [his] convictions.").[4] The Court of Criminal Appeals granted Allen habeas relief based on ineffective assistance of counsel,

---

[4] *See also* TEX. CODE CRIM. PROC., art. 11.07, § 4 ("[A] court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt."); *Ex parte Allen*, 2009 WL 282739, at *3 (Tex. Crim. App. Feb. 4, 2009) (not designated for publication) ("This '[*Schlup*] gateway' has been codified in our post-conviction habeas corpus statute as a requirement for relief for a subsequent application.").

but it did not expressly find in its order or opinion that Allen was actually innocent. Nevertheless, we held that Allen was eligible for wrongful-imprisonment compensation because, in light of the procedural bar, the Court of Criminal Appeals could only have addressed Allen's ineffective-assistance claim if it first determined, implicitly or explicitly, that Allen was actually innocent. *Id.* at 710.

In this case, G.S. sought habeas relief—and the Court of Criminal Appeals granted it—based solely on his attorney's ineffective assistance. He did not make the claim of actual innocence that "accompanies" a constitutional claim under *Schlup. See Schlup*, 513 U.S. at 316. Nor did he need the *Schlup* gateway because his constitutional claim was not procedurally barred and was, in fact, heard and ruled upon by the trial court and the Court of Criminal Appeals. *See In re Lester*, 602 S.W.3d at 472 ("Lester's habeas petition also was not procedurally barred, eliminating the need for a *Schlup* gateway claim."). So the Court of Criminal Appeals was not required to find that G.S. was actually innocent before it could rule on his ineffective-assistance claim. And so we cannot conclude, as we did in *Allen*, that the Court necessarily or implicitly did so. We thus conclude that G.S. has not established that he is eligible for compensation on the ground that a court granted him habeas relief based on a finding of actual innocence.

## B. Dismissal based on prosecutor's statements

Nor do we agree that G.S. has established eligibility for compensation based on the Act's third method. Under that method, a claimant is eligible if the trial court dismissed the charge "based on a motion to dismiss in which the state's attorney states that no credible

9

evidence exists that inculpates the defendant and . . . the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced." TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(C)(ii). Here, the trial court dismissed the case based on the district attorney's motion, but the motion stated only that the district attorney wished to dismiss "pending further investigation."

G.S. argues, however, that the district attorney's subsequent agreement to expunge G.S.'s records "ratifies the [alleged victim's] declaration and clearly indicates actual innocence." But the Act does not allow the Comptroller to consider the district attorney's expungement motion. *See id.* § 103.051(a)(2) (allowing consideration only of "a verified copy of the pardon, court order, motion to dismiss, and affidavit, as applicable, justifying the application for compensation"). And even if the Comptroller could consider it, the motion did not provide the statutorily required grounds for a court to find actual innocence.

To be eligible for compensation under the Act based on a district attorney's dismissal motion, the district attorney must both acknowledge the lack of evidence and state his own belief that the claimant is actually innocent. *See id.* § 103.001(a)(2)(C)(ii) (requiring statements "that no credible evidence exists that inculpates the defendant and . . . that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced"). Here, neither the motion to dismiss nor the motion for expunction expressed such a belief. Although the district attorney might have sought dismissal and expunction because of the alleged victim's recantation, neither motion provides any "clear indication" of his reason,

10

and nothing in the record compels or permits us to guess at the district attorney's motives.

Although the district attorney filed a motion to dismiss the charges against G.S., the motion did not state that "no credible evidence exists that inculpates" G.S. or that the district attorney "believes that the defendant is actually innocent of the crime for which the person was sentenced." *Id.* Although the statute may not require that the motion use those exact words, the dismissal motion here did not include any language that could be construed as expressing the necessary assertions. As a result, G.S. did not demonstrate eligibility for compensation under the Act's third method.

## III.
## Conclusion

The Tim Cole Act laudably provides compensation to those whom the state has wrongfully imprisoned. But the Act itself creates that right and controls whether and how a person can receive the compensation. In the absence of a pardon based on actual innocence fulfilling the Act's first eligibility method, the Comptroller cannot grant compensation unless a court order finds that the person is actually innocent or dismisses the charges based on a motion asserting that he is actually innocent. *See id.* § 103.051(b-1) (noting the Comptroller's "purely ministerial" duty to determine whether the documents submitted by the applicant "clearly indicate on their face that the person is entitled to compensation"). Because the documents G.S. submitted to the Comptroller did not establish his actual innocence as the Act requires,

11

G.S. has not proven his entitlement to compensation under the Act.[5] We therefore deny his request for mandamus relief.

_____

Jeffrey S. Boyd
Justice

**OPINION DELIVERED:** April 22, 2022

_____

[5] We state no opinion on whether G.S. can ever prove his eligibility for compensation. The Comptroller has suggested to this Court that G.S. could yet qualify for compensation by convincing the district attorney to file a motion to amend the trial court's dismissal order in which the district attorney satisfies the third eligibility method, *see, e.g.*, *Brown*, 614 S.W.3d at 714–15 (noting that the district attorney in that case moved to amend the trial court's dismissal order to include the statutory innocence grounds after Brown's case had been dismissed because witness testimony could not be corroborated), by petitioning the legislature for a private bill, *see, e.g.*, Act of May 23, 1957, 55th Leg., R.S., ch. 496, § 1, 1957 Tex. Gen. Laws 1429, 1438 (granting Kenneth Massey "aid and compensation for serving a prison sentence for an offense for which he was not guilty"), or by seeking an amendment to the Act. None of these alternatives are relevant to our disposition in this case, and we do not pass judgment on their viability.